Feliú et al. *v.* The Registrar of Property.

Appeal from a decision of the Registrar of Property of San Germán.

No. 69.—Decided December 2, 1910.

Property of Conjugal Partnership—Property Belonging Exclusively to Each Spouse—Curable Defect.—All property acquired by either of the spouses during the marriage being considered as ganancial property, unless proved to belong exclusively to the husband or the wife, a deed whereby real property is acquired with money belonging exclusively to the wife, according to the statement of both spouses, contains the curable defect (which should be stated in the record), of not showing that the money employed for the purchase belonged exclusively to her.

Id.—Declaration of Both Spouses as to Character of Property—Public Documents—Third Persons.—The fact that both spouses declare in the deed of purchase that the property is acquired with money belonging exclusively to one of them, is not sufficient to consider it as being thus acquired, it being necessary that such declaration be sustained by stronger proof, since public instruments constitute evidence against all persons as to the facts giving rise to their execution and the date thereof, but not against a third person as to the declarations made therein by the parties executing the same.

The facts are stated in the opinion.

Mr. Chief Justice Hernández delivered the opinion of the court.

By public deed executed in the town of San Germán on July 15, 1910, before Notary Miguel Juan Llaneras, Jorge Servera y Faria sold to Justina, of the same surname, a parcel of land composed of 17.5 *cuerdas,* equivalent to 6 hectares,

87 ares and 80 centares, situate in *barrio* "Lajas Arriba," within the municipal jurisdiction of Lajas, with the boundaries specified in the deed. It was set forth in said deed that the purchase was made by Mrs. Servera with her private funds, according to her own statement and that of her husband, Francisco Feliú y Toro, in view of which said property was deemed to belong to her exclusively.

A copy of the above deed having been presented to the Registrar of Property of San Germán for record in the registry, a record thereof was entered by a note, which, literally copied, read as follows:

"This document is recorded at folio 46 of volume 16 of the municipality of Lajas, property No. 850, first registration, with the curable defect that it has not been shown that the property was acquired with private funds of the purchaser. San Germán, July 19, 1910. The Registrar, Rafael B. Sama."

An appeal was taken from the above decision by the spouses Feliú-Servera, and they request its reversal—that is to say, that the record referred to be made in favor of Justina Servera, without the curable defect in question.

The appellant is wrong. We think that the registrar of property, far from violating the law, has acted in accordance therewith.

Section 1322 of the Civil Code provides that all conjugal property shall be regarded as ganancial, unless it be shown that it belongs exclusively to either the husband or the wife; and in this case it has not been shown that the property in question belongs exclusively to Justina Servera.

While it is true that in the deed referred to Mrs. Servera and her husband affirm that the purchase is made with private funds belonging to the former, such a statement is not sufficient to warrant the presumption that the property belongs exclusively to the wife.

The manner in which the purchase money has been obtained should be shown in a more authentic way than by the mere statements of the interested spouses, for, if a mere assertion should be regarded as sufficient for that purpose, the individual will of private persons would alter the rights granted by law to the husband in the conjugal partnership; a means of violating the provision of law prohibiting contracts between them would be furnished the spouses; and the averment of the husband in a deed of purchase and sale that the purchase money belonged to his wife would furnish a means of concealing an illicit donation, according to a decision of the General Directorate of Registries of June 30, 1888.

This same doctrine has been announced in subsequent decisions of May 22, 1895, April 23, 1898, and December 2, 1899.

Finally, the statement of the wife does not, by itself, constitute the proof to which section 1322 of the Revised Civil Code refers, nor is the admission of the husband sufficient in this respect.

The reason therefor is clear, as, according to section 1186 of the Revised Civil Code, public instruments are evidence of the fact which gave rise to their execution and of the date thereof, but the declarations of the parties to the instrument cannot operate in that sense against third persons, since the Mortgage Law protects their rights.

In view of the foregoing reasons, we believe the decision appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.